706 P.2d 763

Manuel ACOSTA, as Personal Representative of the Estate of Maria Acosta Yanez, Deceased, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF PIMA, the Honorable Jack T. Arnold, a Judge thereof, and Robert Taylor, M.D., Joyce Schultz, C.R.N.A., and Tucson Anesthesia, P.C., Real Parties In Interest, Respondents.

No. 2 CA–SA 0285.

Court of Appeals of Arizona, Division Two, Department B.

Oct. 4, 1985.

---

Zlaket & Zlaket, P.C. by Thomas A. Zlaket, Tucson, for petitioner.

Leonard Everett, P.C. by Leonard Everett, Tucson, for respondents.

## OPINION

LACAGNINA, Judge.

Petitioner has brought this special action from the trial court's refusal to strike an expert witness. Because petitioner is without an adequate remedy by means of an appeal, and because we believe the trial court abused its discretion in refusing to grant the motion to strike, we assume jurisdiction and grant relief.

Petitioner is the plaintiff in a wrongful death action filed on March 29, 1984. The case was scheduled for trial on September 4, 1985. The real parties in interest are an anesthesiologist and a nurse anesthetist who are alleged to have been negligent in rendering medical care and treatment to petitioner's decedent. A joint pretrial statement was timely filed by the parties 20 days before the trial date in accordance with Rule VI(a)(4) of the Uniform Rules of Practice of the Superior Court, 17A A.R.S., and Rule III(h), Rules of Pima County Superior Court, 17A A.R.S. The list of witnesses did not include Dr. Allen Cohn. Two days after the joint pretrial statement was filed and 18 days prior to the scheduled trial date, counsel for the real parties in interest received a two page letter from Dr. Cohn containing his opinion as to the cause of death. Counsel immediately notified petitioner's counsel that Dr. Cohn would be a witness but did not furnish his report until 13 days later. The witness was unavailable for deposition until trial. Further, his report indicated the need for additional discovery from a hematologist.

Rule VI(a)(4) of the Superior Court Rules requires the pretrial statement to contain

"A list of the witnesses intended to be used by each party during the trial, other than those intended to be used solely for impeachment. No witness shall be used at the trial other than those listed, except for good cause shown; ...."

That rule is to be read in conjunction with Rule III(h) of the Rules of Pima County Superior Court which requires a joint pretrial statement be filed 20 days before the trial date.

While preclusion of a witness is permitted as a sanction under Uniform Rule VI, given the law's preference for resolution on the merits, it should only be invoked where there is both an absence of good cause for the untimeliness and prejudice to the opposing party. Both conditions are met on the facts of this case. Counsel for the real parties in interest has suggested no reason for the late revelation of the witness save failure of his clients to discover him until the eve of trial. This is not good cause; dilatoriness never is. Beyond this, no reason was advanced for withholding the content of the witness' testimony for an additional two weeks.

The issue of prejudice is even clearer. Substantial effort had been expended

by petitioner's counsel to obtain special visas for witnesses from the Republic of Mexico for the scheduled trial days. If the trial date were changed to permit additional discovery, that effort would be lost. In addition, a fixed trial date is a valuable asset. Once lost, substantial delay of up to a year could result.[1] Finally, there is prejudice to the administration of justice where trials are delayed; courts cannot effectively function if their calendars are subject to the control of dilatory parties.

Because good cause was not shown and because of prejudice to the petitioner which would result from a continuance of the trial, we believe the respondent court abused its discretion in denying the motion to strike. That order is vacated, and the court shall enter an order granting said motion.

HATHAWAY, P.J., and LIVERMORE, J., concur.

---

**1.** While the record shows a willingness on the part of the respondent court to attempt to reschedule the trial date quickly to allow petitioner time to counter Dr. Cohn's testimony, both counsel agreed that such rescheduling was beyond the respondent court's power, and a lengthy delay was probable.